UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br> v.<br><br>Mario Alston,<br><br>    Defendant | Case No. 2:20-cr-00113-CDS-EJY<br><br>**Order Denying Defendant's Motion for Relief and Motion for Appointment of Counsel**<br><br>[ECF Nos. 89, 95] |

  In November 2023, pro se inmate Mario Alston filed a motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255. ECF No. 89. In January 2024, I ordered the government to respond. ECF No. 92. The government filed a timely opposition brief. ECF No. 94. In March 2024, Alston also filed a motion for appointment of counsel. ECF No. 95. For the reasons set forth herein, I deny Alston's motion for § 2255 relief and deny him a certificate of appealability. I also deny without prejudice Alston's motion for appointment of counsel.

**I. Background information**

  **A. The investigation that led to Alston's arrest.**

  Alston was arrested on May 3, 2020, after responding to an online prostitution advertisement that had been placed by an undercover (UC) law enforcement officer who was posing as a 15-year-old minor. Pre-Sentence Report (PSR) at ¶¶ 9, 21. Alston responded to the online advertisement 21 minutes after it was posted. *Id.* at ¶ 10. After responding, the UC and Alston engaged in a three-hour text exchange, discussing explicit sex acts and the payment for those acts, and other messages such as birth control and when Alston could meet up with the UC to engage in the sex acts. *Id.* at ¶¶ 12–15 (examples of the text messages exchange). Alston and the UC also exchanged messages about the UC's age, during which the UC texted asking if

Alston was okay with her "being a little younger," to which Alston responded asking for her age. *Id.* at ¶ 14. The UC responded "15. almost 16...." *Id.* During the text exchange with the UC, Alston sent a photo of himself and stated that he drove a grey vehicle. *Id.* at ¶¶ 16–17. The UC and Alston also agreed to meet at a pre-determined location and time. *Id.* at ¶ 17. Approximately one hour later, Alston arrived to the pre-determined location, where he was arrested and subsequently charged with violating two state offenses: (1) Lure Child/Mentally Ill Persons with Computer for Sex Act and (2) Customer Engage in Soliciting Child for Prostitution. *Id.* at ¶¶ 18, 21.

Following his arrest, Alston was *Mirandized* and agreed to give a statement. *Id.* at ¶ 19. Alston admitted that he arrived at the pre-determined location to have sex with an underage girl who had posted an online prostitution ad, and further, that he had done the same with another juvenile four years prior. *Id.* A records check revealed that Alston previously pleaded guilty to a state offense for having sex with a 13-year-female who had placed an online prostitution ad. *Id.* at ¶ 20. The records check also revealed that Alston did not appear for sentencing, so there was an outstanding bench warrant for his arrest. *Id.*

After Alston was booked into the Clark County Detention Center following his arrest on May 3rd, he was indicted by a federal grand jury and charged with one count of Attempted Sex Trafficking of Children, in violation of Title 18, United States Code, Section 1591(a), (b)(2), and 1594(a). *Id.* at ¶ 1.

**B. Alston pleads guilty pursuant to a written plea agreement with the government.**

On June 30, 2022, as part of a written plea agreement with the Government, Alston pleaded guilty to a single count criminal information charging him with Coercion and Enticement, in violation of Title 18, United States Code, Section 2242(a). *Id.* at ¶ 2; *see also* Information, ECF No. 52. In the plea, the parties agreed to jointly recommend a sentence of 87 months. Plea Agreement, ECF No. 53 at 10. Alston's sentencing hearing was held on September 29, 2022. Min. from sentencing hearing, ECF No. 66. During the hearing, the court adopted the PSR without any changes. The PSR calculated Alston's total offense level as 23 and his criminal

history category as II, making his guideline range 51–63 months. PSR at 42. After considering the parties' sentencing memorandums,[1] Alston's exhibits to his memorandum, counsels' arguments, Alston's statement, the PSR, and the factors set forth in 18 U.S.C. § 3553(a), the court sentenced Alston to 87 months in the custody of the Bureau of Prisons with a lifetime term of supervised release to follow. J., ECF No. 67.

### C. Alston appeals his sentence at the Ninth Circuit.

Alston filed a timely notice of appeal (ECF No. 69), challenging his 87-month sentence.[2] *See* Ninth Circuit Court of Appeals memorandum affirming judgment, ECF No. 85 at 1. Specifically, Alston challenged the reasonableness of the sentence given that the PSR guideline range was lower than he expected. *Id.* at 2. Alston also argued that this court gave undue weight to Alston's criminal history and past marijuana use. *Id.* In rejecting Alston's arguments, the Ninth Circuit determined that the 87-month sentence was "substantively reasonable in light of the totality of the circumstances and the 18 U.S.C. § 3553(a) factors, including the nature of the offense and Alston's criminal history." *Id.* As a result, the judgment and sentence were affirmed.

### D. Alston files this motion for relief under to 28 U.S.C. § 2255.

On November 6, 2023, Alston filed the instant § 2255 motion for post-conviction relief. ECF No. 89.[3] Therein, Alston alleges that both attorneys who represented him in District Court advised him that his criminal history category would likely be a "4 or 5." ECF No. 89 at 3. Alston also alleges that his attorney "refused to go with the governments recommendation of 63 months." *Id.* Last, he alleges that he presented a case to his attorney (*United States v. Huseth*, 2021

---

[1] ECF Nos. 63 (Gov't); 64 (Alston).
[2] Alston also challenged the court's application of an enhancement for use of a computer, but the panel declined to consider that argument because "it was unsupported by any argument." ECF No. 85 at 2.
[3] In his motion, Alston claimed that his direct appeal was still pending. *See* ECF No. 89 at 1. The memorandum resolving his appeal was issued on September 19, 2023. ECF No. 85. Given that there were just six-weeks in between the two filings, the court assumes that Alston had drafted and mailed this motion prior to receiving the disposition of his appeal.

WL 4940915 (D. Kan. Oct. 22, 2021)) wherein a judge did not apply the two-level enhancement for use of a computer[4] to the defendant's sentencing guidelines. *Id.*

II.   Discussion

    **A.   Motion for Appointment of Counsel is denied without prejudice.**

Title 18, United States Code, § 3006A governs the process for individuals seeking the appointment of counsel to assist with § 2255 proceedings. That section provides that "[w]henever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who … is seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B).

I find that appointment of counsel is unwarranted in this case. The Ninth Circuit has long noted that counsel should be appointed "when the complexities of the case are such that denial of counsel would amount to a denial of due process." *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980); *see also Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) (explaining "there is no constitutional right to counsel at a collateral, post-conviction section 2255 proceeding"). The issues raised by Alston's § 2255 motion are not so complex that he will be unable to navigate them without the appointment of counsel. Accordingly, I deny Alston's motion for appointment of counsel without prejudice.

    **B.   Alston's § 2255 motion is denied.**

Alston brings this § 2255 petition, alleging ineffective assistance of counsel. Under Title 28, United States Code, § 2255, a petitioner may file a motion with the court that imposed the sentence to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). A § 2255 motion may be brought for the following reasons: (1) "the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "the court was without jurisdiction to impose such sentence;" (3) "the sentence was in excess of the maximum authorized by law;" or (4) the sentence "is otherwise subject to collateral attack."

---

[4] The court liberally construes this argument as referencing the two-level enhancement for use of a computer set forth in U.S.S.G. § 2G3.1(b)(3).

28 U.S.C. § 2255(a); *see also United States v. Berry*, 624 F.3d 1031, 1038 (9th Cir. 2010). "[A] district court must grant a hearing to determine the validity of a petition brought under [§ 2255], '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994), *as amended* (May 6, 1994) (quoting 28 U.S.C. § 2255).

However, post-conviction challenges, like the one here, do not exist to allow criminal defendants multiple opportunities to challenge their sentence. *See United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("Section 2255 ... is not designed to provide criminal defendants multiple opportunities to challenge their sentence"). Rather, they are designed to allow defendants the opportunity to attack their conviction or sentence as unconstitutional or contrary to federal law. *Id.* An issue that has been decided adversely on appeal from a conviction cannot be relitigated on a Section 2255 motion absent changed circumstances of law or fact. *Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972); *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) (discussing that the "law of the case" doctrine precludes a court from reexamining an issue previously decided by the same or a higher court, in the same case.).

The two-prong test to establish a claim for ineffective assistance of counsel established in *Strickland v. Washington* applies to § 2255 proceedings. 466 U.S. 668, 687 (1984). Under *Strickland*, Alston must prove: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. *Id.* To show a deficient performance, a petitioner must show that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. To establish prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* As relevant here, the deficient performance prong also requires a showing that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result" or that "counsel made errors so serious that counsel was not

functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 686–87. This is a high burden; one that Alston does not meet.

Alston alleges that his attorneys were ineffective for two reasons: (1) his two trial attorneys advised him that his criminal history category would be higher than it was ultimately determined to be; and (2) his attorney failed to argue against application of the two-level use of a computer enhancement allowed for under U.S.S.G. § 2G3.1(b)(3).[5] ECF No. 89 at 3.

Alston fails to show that his counsel's performance was deficient or that he suffered prejudice as a result of that performance. First, Alston does not provide any points or authorities showing that an attorney's "best guess" regarding what a defendants' resulting sentencing range might be, without the benefit of a PSR, constitutes ineffective assistance of counsel. That is precisely why defendants are advised during change of plea hearings that the court will not be able to determine their criminal history category until after probation completes its investigation. Indeed, Alston was asked during his change of plea hearing:

> "Do you also understand that I will not be able to determine your sentencing guideline range until after an investigation and report has been completed by the United States Probation Office, and after that process is over, it's possible that the guideline range set forth in that report is going to be different than the guidelines set forth in your plea agreement? Do you understand if that happens, that will not be a basis for you to withdraw your guilty plea?"

ECF No. 77 at 22–23. Alston responded "Yes, ma'am." *Id.* at 23. The Ninth Circuit has held that "mere inaccurate prediction, standing alone, [does] not constitute ineffective assistance." *Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986) (referencing *McMann v. Richardson*, 397 U.S. 759, 770 (1970) and *Wellnitz v. Page*, 420 F.2d 935, 936 (10th Cir. 1970) (per curiam)); *Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990) (the defendants "suffered no prejudice from his attorney's prediction because, prior to accepting his guilty plea, the court explained that the discretion as

---

[5] A petitioner who challenges his sentence under § 2255 without first raising his claim on direct appeal procedurally defaults the claim. *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003). Arguably, Alston defaulted on his challenge to the two-level enhancement for failing to support this argument challenging it on direct appeal. *See United States v. Alston*, 2023 WL 6129533, at *1 (9th Cir. Sept. 19, 2023). But, because it was raised but not addressed on the merits in his direct appeal, the court addresses this argument herein.

to what the sentence would be remained entirely with the court."); *see also Gutierrez v. United States*, 2009 WL 2971283, at *3 (E.D. Cal. Sept. 11, 2009) (holding an attorney's prediction that the defendant would receive probation if she pleaded guilty to a lesser charge was merely an inaccurate prediction and was not ineffective or prejudicial when defendant was sentenced to 36 months). On the other hand, the *Iaea* court explained that "the gross mischaracterization of the likely outcome presented in this case, combined with the erroneous advice on the possible effects of going to trial, falls below the level of competence required of defense attorneys." *Id.* (citing *Mosher v. Lavallee*, 491 F.2d 1346, 1348 (2d Cir. 1974) (per curiam) (ineffective assistance where counsel told accused that judge had promised minimum sentence, but no such promise had been given and accused received maximum), *cert. denied*, 416 U.S. 906 (1974)).

Further, Alston cannot meet the prejudice prong of *Strickland* because he was sentenced in accordance with a plea agreement. A plea agreement is a contract and subject to contract law standards. *United States v. Escamilla*, 975 F.2d 568, 571 (9th Cir. 1992). Here, Alston's attorney successfully negotiated a favorable plea agreement that resolved Alston's case by having him plead guilty to an offense that did not carry a mandatory minimum sentence[6] and the agreement included a joint recommendation to have his sentence run concurrent with Alston's sentence in a separate state case. *See* ECF No. 53 at 10. The plea agreement set forth the stipulated offense level, which included the two-level enhancement for use of a computer. *Id.* at 8. The plea agreement also stated that "[t]he parties will jointly recommend that the district court sentence defendant to an 87-month term of imprisonment." *Id.* at 10. Finally, the plea agreement stated that if "at any time after th[e] agreement becomes effective, defendant knowingly violates or fails to perform any of defendant's obligations under th[e] agreement . . . . the [United States Attorney's Office] may declare th[e] agreement breached[,]" which in turn would have alleviated

---

[6] *Compare* Superseding Criminal Information, ECF No. 53, charging Alston with Coercion and Enticement in violation of 18 U.S.C. § 2422(a), which carries a potential sentence of up to 20 years, *with* Indictment, ECF No. 5, charging Alston with *Attempted Sex Trafficking of Children* in violation of 18 U.S.C. §§ 1591(a), 1592(b)(2), and 1594(a), which carries a potential sentence of *not less* than 10 years and up to life. 18 U.S.C. §§ 1591(a) and (b)(2) (emphasis added).

7

the government's obligations to follow the agreement, causing a number of potential consequences, including, but not limited to, arguing for a higher sentence than the 87-months, or reinstating the original charge against Alston, which carried a mandatory minimum sentence of 10 years, amongst others. *Id.* at 16. Accordingly, if Alston's attorney had asked for a sentence less than 87-months or argued against application of the two-level use of a computer enhancement at sentencing, the attorney would have breached the plea agreement. While asking the court to breach the plea agreement may constitute ineffectiveness, raising meritless arguments can equate to ineffectiveness. *See Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("[N]o prejudice could have resulted from this error absent any foundation for such a motion [because the] failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.") (citing *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (holding that "[t]he failure to raise a meritless legal argument does not constitute ineffective assistance of counsel" where an attorney failed to move for dismissal of certain counts of the indictment)). Stated otherwise, Alston cannot demonstrate there was prejudice by his attorney's decision to abide by the terms of the plea (which is a contract).

Finally, even if Alston's attorney had contravened the plea and argued against the application of USSG 2.G31(b)(3), Alston's petition would fail because he could not demonstrate prejudice given that: (1) the guidelines are advisory and the Ninth Circuit has already determined that his 87-month sentence is reasonable, (2) the plea agreement expressly advised that "the district court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction" (ECF No. 53 at 8), and (3) the agreement provided that "the district court does not have to follow the recommendation of either party[,]" *id.* at 10, yet the recommendation was followed. Because Alston's sentence was entirely up to this court and has already been determined to be reasonable, Alston cannot demonstrate he was prejudiced by his attorney's actions.

**C. Alston is not entitled to a certificate of appealability or an evidentiary hearing.**

While Alston did not seek a certificate of appealability (COA), the court nonetheless addresses it herein. Alston cannot appeal the decision to deny a petition under 28 U.S.C. § 2255 unless this court issues a COA. *See* 28 U.S.C. § 2253(c)(1); *Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2012). A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). To do so, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 479 (2000). Alston has not made a substantial showing that he was deprived of a constitutional right, so I deny him a COA.

Finally, because the motion and records in this case "conclusively show that the prisoner is entitled to no relief," an evidentiary hearing is unnecessary. *See* 28 U.S.C. § 2255(b).

### III. Conclusion

IT IS HEREBY ORDERED that Alston's § 2255 motion **[ECF No. 89]** is **DENIED.**

IT IS FURTHER ORDERED that Alston's motion for appointment of counsel **[ECF No. 95]** is **DENIED without prejudice**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that the Clerk of Court enter a separate and final judgment denying Alston's § 2255 motion. *See Kingsbury v. United States*, 900 F.3d 1147, 1150 (9th Cir. 2018).

Dated: April 9, 2024

_____
Cristina D. Silva
United States District Judge